IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LILIA TORRES, § | |
| INDIVIDUALLY AND ON BEHALF § | |
| OF ALL OTHERS SIMILARLY § | FLSA Collective Action Pursuant to |
| SITUATED § | 29 U.S.C. § 216(b) |
| § | |
| § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO.  2:20-CV-00282 |
| § | JURY DEMANDED |
| § | |
| PACKERS SANITATION SERVICES, § | |
| INC. AND INDUSTRIAL CLEANING § | |
| SOLUTIONS OF LOUISIANA, LLC § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1.      Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of her statutory employment right to receive overtime pay from Defendants, Packers Sanitation Services Inc., Ltd. (Hereinafter "Packers Sanitation Services") and Industrial Cleaning Solutions of Louisiana, LLC (Hereinafter "ICS") as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages.  Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action.  For themselves and all those similarly situated, the named employees seek their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.  Plaintiff, Lilia Torres ("Torres"), is a resident of Teneha, Texas. The Plaintiff brings this action individually in her own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Defendant, Packers Sanitation Services Inc., is an Ohio limited partnership doing business in the Eastern District of Texas with its principal place of business at 8679 Freeway Drive, Macedonia, Ohio 44056-1535. Packers Sanitation Services has appeared and is before the Court. Defendant, Industrial Cleaning Solutions of Louisiana, LLC is a Louisiana limited liability company with its principal place of business at 34 Dosceintos Circle, Hot Springs Village, AR 71909. Industrial Cleaning Solutions of Louisiana, LLC may be served by delivering a copy of the summons to its registered agent for service, Harold Wellborn at 168 CR 1421, Morgan, TX 76671.

## JURISDICTION AND VENUE

3.  This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendants' operations at the Tyson chicken processing plant in Lufkin, Texas is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

4.  Plaintiff began her employment for ICS in 2018 at the Tyson chicken processing facility located in Carthage, Texas. Sometime in 2019, Packers Sanitation Services acquired the assets of ICS and continued the sanitizing operation at the Tyson plant in Carthage. Her job at ICS/Packers Sanitation Services was as a worker on the sanitation shift at the Tyson chicken processing plant. Plaintiff worked six days per week and between 60 and 70 hours per week. The work she did for ICS/Packers Sanitation Services was not exempt as defined under 29 CFR part 451. The evidence

at trial will show that Plaintiff was not paid overtime wages at one and one-half times her regular hourly rate for all hours worked in excess of 40 hours in a work week.

5.      Plaintiff's job for ICS/Packers Sanitation Services required that she put on or "don" protective clothing and/or equipment ("PPE") in preparation for the performance of her principal activities as a sanitation worker. The use of these items of PPE and the donning of such items of PPE are and were an integral and indispensable part of Plaintiff's principal activities as a sanitation worker.  At the end of her shift, Plaintiff was required to take off or "doff" the same PPE.  The evidence at trial will show that Plaintiff was not compensated for the time spent in "donning" and "doffing" the protective clothing mentioned above.

6.      The shift for sanitation crews for Defendants began at 11:45 p.m. However, Plaintiff and her co-workers reported to work 30 to 45 minutes prior to their paid time. Frequently during Plaintiff's shifts, her crew would be required to clock out while in the plant because they were required to wait on the chicken processing operation to shut down. Many times, the waiting time for which Plaintiff and her co-workers were required to clock out for waiting time would amount to three hours of uncompensated time in a single shift. The time records of Plaintiff and her co-workers will reflect the uncompensated wait time because they were required to clock out during their shift.

7.      Plaintiff believes and, therefore, allege that the failure of ICS/Packers Sanitation Services to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

8.      The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FLSA."  Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.  Plaintiff alleges

that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due her, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

9. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Torres brings this action in her individual capacity and as a collective action. Torres seeks this court's appointment and/or designation as representative of a class of similarly situated employees of ICS/Packers Sanitation Services who were not paid for all overtime hours worked as described herein. On information and belief, there are numerous workers who were not paid for all overtime hours worked for Packers Sanitation Services as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of ICS/Packers Sanitation Services' sanitation workers.

10. Torres specifically requests that she be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

11. Plaintiff, individually and as a representative of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified and that the Plaintiff and each member of the class recover from ICS/Packers Sanitation Services the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS
MEMBERS